Daniel, J.
 

 This court has heretofore decided, that all the plaintiffs or defendants in a suit must assent, before an appeal can be taken from the order, judgment or decree of an inferior court. If one or more of the parties, plaintiffs or defendants dissent, an appeal cannot be taken by the others. The reason for this rule of law will be found in
 
 Gilliam
 
 v.
 
 Hicks,
 
 4 Dev. 217. We have no jurisdiction over this case, and therefore we must dismiss the appeal out of this court.
 

 JBut vve will say that we think the judge erred, in extending the effect of McKinnon’s
 
 retraxit
 
 to all the plaintiffs against their will. It does not appear that McKinnon ever acted as a
 
 *230
 
 trustee to the said church; he might therefore have released defendants, which release they might have pleaded since the last continuance, in bar of the action.
 
 Emery
 
 v.
 
 Mucklaw,
 
 10 Bingh. Rep. 23. In England, to such a plea, the plaintiff might reply
 
 per fraudem,
 
 and try it at law, (Ibid. 23;) but in this State the practice always has been to leave the parties to a court of equity, to decide whether such a release was fraudulently obtained. But the more proper course on this motion, it seems to us, would have been to permit McKinnon to strike his name out of the writ and declaration; and then, if the other plaintiffs could have gone on in the action without him, they should have been permitted to do so. In this case, it is probable that the other plaintiffs might have proceeded in the cause, without McKinnon ; as it is not to be presumed that the court would have permitted them to have pleaded in abatement that McKennon, one of the tenants in common of the land, was not made a party plaintiff, as by his
 
 retraxit
 
 he was forever barred from bringing ano ther action for the same cause;
 
 2
 
 Arch. Prac. 250; and it being an action in
 
 tort,
 
 the defendants could not have taken advantage of the nori-joinder of McKinnon on the general issue. However that may be, we must dissmiss the appeal from this court for the reason first mentioned.
 

 Pee, Curiam, Appeal dismissed.